# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARY A. BAILEY, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. CIV-09-28-SPS |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of the Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

The claimant Mary A. Bailey requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). She appeals the Commissioner's decision and asserts the Administrative Law Judge ("ALJ") erred in determining she was not disabled. As discussed below, the Commissioner's decision is REVERSED and the case is REMANDED to the ALJ for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations

implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). *See also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

---

[1] Step one requires the claimant to establish that she is not engaged in substantial gainful activity. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or her impairment *is not* medically severe, disability benefits are denied. If she *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, she is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that she lacks the residual functional capacity (RFC) to return to her past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given her age, education, work experience and RFC. Disability benefits are denied if the claimant can return to any of her past relevant work or if her RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

## Claimant's Background

The claimant was born on June 19, 1963, and was fifty-one years old at the time of the administrative hearing. She has an eleventh grade education and previously worked as a poultry processor, a motel housekeeper, and a sewing machine operator (Tr. 15-16). The claimant alleges that she has been unable to work since August 1, 2005 because of osteoarthritis, hypertension, and depression.

## Procedural History

The claimant applied on August 19, 2005 for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for supplemental security income payments under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85. Her applications were denied. ALJ Michael A. Kirkpatrick held an administrative hearing and determined the claimant was not disabled in a written opinion dated June 2, 2008. The Appeals Council denied review, so the ALJ's written opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step four of the sequential evaluation. He found that the claimant had the residual functional capacity ("RFC") to perform a wide range of light work, *i. e.*, she could lift/carry 10 pounds frequently and 20 pounds occasionally, and stand/walk/sit for 6 hours in a 8 hour workday. The ALJ also found that the claimant could climb, balance, stoop, crouch, kneel and crawl only occasionally (Tr. 67). The ALJ concluded that the claimant was not disabled because she could return to her past relevant work as a poultry processor, motel housekeeper, and sewing machine operator (Tr. 69).

**Review**

The claimant contends that the ALJ failed to properly analyze her credibility. The Court finds that the ALJ did err in analyzing the claimant's credibility, and the decision of the Commissioner must therefore be reversed and the case remanded to the ALJ for further analysis.

The claimant injured her back, arm, wrist, knee and neck when she slipped and fell in a grocery store in 2001 (Tr. 16). She was awarded benefits for these injuries for a closed period of time from October 9, 2001 through January 28, 2003 (Tr. 11) and lives with her teenage son, who receives benefits himself due to a learning disability (Tr. 15). The claimant testified that she has trouble accomplishing most of her day-to-day tasks, such as bathing (Tr. 20, 24), dressing (Tr. 21), and using the restroom (Tr. 25), and that her daughter and her son help take care of the household by purchasing groceries and doing housework (Tr. 25, 26). She testified that she has to sleep in a chair propped up by pillows because of back pain from what she described as a "pinched nerve" (Tr. 21-22) and that her right knee gives out on her and causes her to fall (Tr. 19).

The ALJ found that the claimant's osteoarthritis, obesity and hypertension were severe impairments (Tr. 64). He considered her claim of depression, but found that it did not meet the standard of a severe impairment at step two. The sole issue raised here by the claimant is the ALJ's analysis of her credibility.

A credibility determination is entitled to deference unless an ALJ misreads the evidence taken as a whole. *See Casias,* 933 F.2d at 801. Further, subjective complaints of pain may be disregarded if unsupported by clinical findings. *Frey v. Bowen,* 816 F.2d

508, 515 (10th Cir. 1987). But credibility findings "should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995). And a credibility analysis "must contain 'specific reasons' for a credibility finding; the ALJ may not simply 'recite the factors that are described in the regulations.'" *Hardman v. Barnhart*, 362 F.3d 676, 678 (10th Cir. 2004), *quoting* Soc. Sec. Rul. 96-7p, 1996 WL 374186, at *4.

The ALJ's analysis of the claimant's credibility in this case clearly fell below these standards. He dismissed the claimant's testimony about her limited daily activities as objectively unverifiable, which is clearly not the test, *see Swanson v. Barnhart*, 190 Fed. Appx. 655, 657-58 (10th Cir. 2006) ("Objective verifiability is not the standard we have settled upon for credibility issues. Rather, we have long insisted that ALJs rely on evidence that is (1) substantial; and (2) closely and affirmatively linked to credibility."), *quoting Kepler*, 68 F.3d at 391; *but see Wall v. Astrue*, 561 F.3d 1048, 1069-70 (10th Cir. 2009) (comment not erroneous where credibility is otherwise properly determined), and noted it was "outweighed by other factors discussed in this decision" (Tr. 68), although the ALJ did not specify those factors or discuss notations in the medical record that the claimant complained of pain and difficulty using her arms (Tr. 343), numbness in her legs (Tr. 348), and pain in her arm and shoulder during an emergency room visit (Tr. 367). Further, the ALJ found "no evidence of surgeries, physical therapy, or narcotic pain medications to control the pain" (Tr. 68), but the claimant's medical records *do* reflect prescriptions for Naprosyn (Tr. 344), Flexeril (Tr. 344, 347, 349), Lortab (Tr. 344, 346, 347, 349), and Soma (Tr. 346) to relieve muscle pain.

The ALJ clearly failed to follow *Kepler* and *Hardman* by closely and affirmatively linking his credibility findings to substantial evidence and giving specific reasons for his determination of the claimant's credibility. Consequently, the Commissioner's decision must be reversed and the case remanded to the ALJ for further analysis in this regard. If the ALJ makes any adjustments to the claimant's RFC, he should re-determine what work the claimant can perform, if any, and ultimately whether she is disabled.

## Conclusion

In summary, the Court finds that correct legal standards were not applied and the decision of the Commissioner is therefore not supported by substantial evidence. The decision of the Commissioner is accordingly REVERSED and the case REMANDED for further proceedings consistent herewith.

**DATED** this 31st day of March, 2010.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**